**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| TORLI H. KRUA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 24-CV-10232-AK |
| v. | ) | |
| | ) | |
| MAURICIO L. MILLER, COMMUNITY | ) | |
| INDEPENDENCE INITIATIVE (CII), | ) | |
| CENTER FOR PEER-DRIVEN CHANGE, | ) | |
| MARIE ZERNOVOJ, ROOT CHANGE | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**KELLEY, D.J.**

Pending before the Court are numerous motions filed by both Plaintiff Rev. Torli H. Krua, current non-party FII/UPTOGETHER, and Defendants Community Independence Initiative (CII) and Mr. Mauricio L. Miller.  The Court will address each Motion in turn but a brief recitation of the relevant procedural history is necessary.

## I.    BACKGROUND

Rev. Krua filed his initial Complaint on January 29, 2024. [Dkt. 1].  On February 7, 2025, Rev. Krua filed a Motion to Amend his Complaint and Add New Defendants. [Dkt. 15]. On February 28, 2025, this Court allowed Rev. Krua's Motion to Amend, but specifically noted that "Plaintiff include[d] UpTogether as a Defendant in the amended Complaint but d[id] not address its addition in the Motion to Amend, nor was it included in the initial Complaint.  As this was not properly addressed in the Motion to Amend, UpTogether is not added as a party." [Dkt.

1

17].  Rev. Krua filed his Amended Complaint on March 25, 2025. [Dkt. 19].  On June 3, 2025, Rev. Krua filed a Motion for Leave to File a Second Amended Complaint [Dkt. 30], which this Court allowed on August 19, 2025. [Dkt. 37].  Of note, while FII/UpTogether was again included in the Second Amended Complaint, filed on August 19 [Dkt. 28], its addition as a party was still not addressed in the Motion to Amend.  As a result, FII/UpTogether was not properly added as a party.

On October 23, 2025, FII/UpTogether filed a Motion to Strike and in the Alternative Dismiss, Plaintiff Rev. Torli H. Krua's Second Amended Complaint Against It. [Dkt. 54]. FII/UpTogether argued that it was improperly added as a party in contravention of this Court's February 28 Order [Dkt. 17], without proper service, and without inclusion in Rev. Krua's Motion for Leave to file a Second Amended Complaint. [Dkts. 54 at 3-4; 30].  On November 3, 2025, Rev. Krua filed both an Opposition to FII/UpTogether's Motion to Strike and a Cross-Motion for Leave Nunc Pro Tunc, moving "for leave nunc pro tunc under Federal Rules of Civil Procedure 15(a)(2) and 21 to add UpTogether as a proper defendant." [Dkt. 59 at 1].  On the same day, Rev. Krua filed a Motion for Leave Nunc Pro Tunc "to add Family Independence Initiative d/b/a UpTogether as a Defendant and deem the Second Amended Complaint effective or accept the attached Third Amended Complaint as the operative pleading." [Dkt. 60 at 1].

Without any action by the Court, Rev. Krua then filed a Third Amended Complaint. [Dkt. 61].  Not only did that Complaint add FII/UpTogether as a Defendant, but seemingly without any explanation to the Court, added an additional cause of action against all Defendants. [Id. at 2]. Thereafter, Defendants Community Independence Initiative and Mauricio L. Miller, as well as FII/UpTogether, filed Motions to Strike the Third Amended Complaint for failing to "file a proposed [] Third Amendment for Defendant to consider, nor mov[ing] the court in order for

leave to file an amended pleading, having availed himself of his single right to amend without leave under Rule 15(a), and previously mov[ing] to file a second amended complaint." [Dkt. 66 at 2; see also Dkt. 79].  Finally, Rev. Krua filed an Opposition to both Motions to Strike, as well as a Motion for Leave to File a Revised Amended Complaint. [Dkt. 80].

To summarize, the Motions to resolve are as follows: FII/UpTogether's Motion to Strike and in the Alternative Dismiss, Plaintiff Rev. Torli H. Krua's Second Amended Complaint Against It [Dkt. 54]; Rev. Krua's Cross-Motion for Leave Nunc Pro Tunc [Dkt. 59] and Motion for Leave Nunc Pro Tunc [Dkt. 60]; Community Independence Initiative and Mauricio L. Miller's Motion to Strike the Third Amended Complaint [Dkt. 66]; FII/UpTogether's Motion to Strike the Third Amended Complaint [Dkt. 79]; and finally, Rev. Krua's Motion for Leave to File a Revised Amended Complaint [Dkt. 80].

## II.     THE LAW

Important to the Court's consideration, Rev. Krua has already filed an Amended Complaint as a matter of course, as provided for under Fed. R. Civ. P. 15(a)(1). [Dkt. 19].  As a result and relevant here, Fed. R. Civ. P. 15(a)(2) states that, "a party may amend its pleading only with the opposing party's written consent or the court's leave," neither of which was provided for here.  Additionally, "[f]ederal courts may issue nunc pro tunc orders, or 'now for then' orders, to 'reflect the reality' of what has already occurred. 'Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court.  Put colorfully, '[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating "facts" that never occurred in fact.'  Put plainly, the court 'cannot make the record what it is not.'" Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano, 589 U.S. 57, 65 (2020) (first quoting Missouri v. Jenkins, 495 U.S. 33, 49 (1990); then quoting Cuebas y Arredondo v.

Cuebas y Arredondo, 223 U.S. 376, 390 (1912); then quoting United States v. Gillespie, 666 F. Supp. 1137, 1139 (N.D. Ill. 1987); then quoting Jenkins, 495 U.S. at 49).

## III.    DISCUSSION

As an initial matter, the Court agrees that Rev. Krua has, at no point, properly moved to add FII/UpTogether as a party.  Although Rev. Krua has attempted to rectify the oversight through two Motions for Leave Nunc Pro Tunc [Dkts. 59; 60], nunc pro tunc orders are limited to errors as a result of inadvertence by the Court.  See Acevedo Feliciano, 589 U.S. at 65.  As the Supreme Court made clear, this Court or Rev. Krua "cannot make the record what it is not," which is what Rev. Krua attempts to do here.  Id. (internal quotation marks omitted).  As a result, the Court **ORDERS** as follows: FII/UpTogether's Motion to Strike the Second Amended Complaint Against It [Dkt. 54] is **GRANTED**.  Rev. Krua's Cross-Motion for Leave Nunc Pro Tunc [Dkt. 59] and Motion for Leave Nunc Pro Tunc [Dkt. 60] are **DENIED**.

Turning to the Motions dealing with the Third Amended Complaint, this Court agrees that Rev. Krua has failed to properly seek leave from the Court to file a Third Amended Complaint, as required by Fed. R. Civ. P. 15(a)(2).  As a result, Community Independence Initiative and Mauricio L. Miller's Motion to Strike the Third Amended Complaint [Dkt. 66], as well as FII/UpTogether's Motion to Strike the Third Amended Complaint [Dkt. 79] are **GRANTED** and the Third Amended Complaint [Dkt. 61] is struck from the record.

Finally, the Court turns to Rev. Krua's Motion for Leave to File a Revised Amended Complaint. [Dkt. 80].  While it is true that under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires," the Motion for Leave to File a Third Amended Complaint was not filed until March 6, 2026. [Dkt. 63].  This was more than two years after Rev. Krua commenced the suit and after the Court issued its Scheduling Order on November 18,

4

2025, which required any amendments to the pleadings be made by January 18, 2026, "[e]xcept for good cause shown." [Dkt. 62]. To reinforce the point, the First Circuit has long held that "[o]nce a scheduling order is in place, the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-55 (1st Cir. 2004)).

In light of the above, Rev. Krua's Motion for Leave to File a Revised Amended Complaint [Dkt. 80] is **DENIED WITHOUT PREJUDICE**.  Nonetheless, the Court will allow Rev. Krua to file a Motion for Leave to File a Third Amended Complaint within 21 days from the date of this Order.  Any Motion should address the good cause standard, including why, with the necessary exercise of diligence, Rev. Krua did not previously add the proposed additional parties and claims.  Should Rev. Krua fail to file a renewed Motion, the Second Amended Complaint [Dkt. 38] will remain the operative complaint, FII/UpTogether will not be added as a Defendant, and Count VI, Unfair and Deceptive Acts pursuant to Mass. G.L. ch. 93A, will not be added a claim.

## IV.    CONCLUSION

For the foregoing reasons:

1.  FII/UpTogether's Motion to Strike and in the Alternative Dismiss, Plaintiff Rev. Torli H. Krua's Second Amended Complaint Against It [Dkt. 54] is **GRANTED**;

2.  Rev. Krua's Cross-Motion for Leave Nunc Pro Tunc [Dkt. 59] is **DENIED**;

3.  Rev. Krua's Motion for Leave Nunc Pro Tunc [Dkt. 60] is **DENIED**;

4. Community Independence Initiative and Mauricio L. Miller's Motion to Strike the Third Amended Complaint [Dkt. 66] is **GRANTED**;

5. FII/UpTogether's Motion to Strike the Third Amended Complaint [Dkt. 79] is **GRANTED**; and,

6. Rev. Krua's Motion for Leave to File a Revised Amended Complaint [Dkt. 80] is **DENIED WITHOUT PREJUDICE**.  The Court will allow Rev. Krua to file a Motion for Leave to File a Third Amended Complaint within 21 days from the date of this Order.  Any Motion should address the good cause standard, including why, with the necessary exercise of diligence, Rev. Krua did not previously add the proposed additional parties and claims.

   **SO ORDERED.**

Dated: May 8, 2026                                          /s/ Angel Kelley
                                                          Hon. Angel Kelley
                                                          United States District Judge